

# Service of Process Transmittal
01/12/2021
CT Log Number 538879637

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** Process Served in Texas

**FOR:** Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Cain Kenneth, Pltf. vs. Wal-Mart Stores Texas, LLC, Dft. |
| DOCUMENT(S) SERVED: | Citation(s), Return(s), Petition |
| COURT/AGENCY: | 149th Judicial District Court Brazoria County, TX<br>Case # 110416CV |
| NATURE OF ACTION: | Personal Injury - Slip/Trip and Fall - 04/26/2020 - 1710 Broadway St., Pearland, Texas 77581 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/12/2021 at 11:33 |
| JURISDICTION SERVED : | Texas |
| APPEARANCE OR ANSWER DUE: | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| ATTORNEY(S) / SENDER(S): | Jeffrey N. Todd<br>The Todd Law Group, PLLC<br>12929 Gulf Freeway, Suite 301<br>Houston, TX 77034<br>832-243-4953 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/13/2021, Expected Purge Date: 01/18/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 12, 2021

**Server Name:** Marty Mayes

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 110416-CV |
| Jurisdiction | TX |



CAUSE NO. 110416-CV
149th District Court

THE STATE OF TEXAS                                                                  CITATION

TO:  **Wal-Mart Stores Texas, LLC**                                          Defendant
     **By serving its Registered Agent**
     **CT Corporation System**
     **1999 Bryan Street, #900**
     **Dallas, Texas  75201**

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **12th day of November, 2020**. It bears Cause No. **110416-CV** and Styled:

**Kenneth Cain**
vs.
**Wal-Mart Stores Texas, LLC**

The name and address of the Attorney filing this action (or Party, if Pro Se) is **Jeffrey N. Todd, The Todd Law Group, PLLC, 12929 Gulf Freeway, Suite 301, Houston, TX  77034.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **12th day of November, 2020.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By ____Jody Stutts____ Digitally signed by Jody Stutts Date: 2020.11.12 11:12:22 -06'00'  , Deputy
          Jody Stutts

RETURN OF SERVICE

CAUSE NO. 110416-CV     149th District Court

KENNETH CAIN
VS.
WAL-MART STORES TEXAS, LLC

Wal-Mart Stores Texas, LLC
By serving its Registered Agent
CT Corporation System
1999 Bryan Street, #900
Dallas, Texas 75201

Came to hand on the _____ day of _____, 20___ at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

NAME            DATE      TIME     PLACE, COURSE, AND DISTANCE FROM COURTHOUSE     MILEAGE
_____
_____
_____
_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy                    $_____     _____, Officer
Mileage: _____ miles @ $_____ per mile     $_____     _____ County, Texas
Total                                        $_____     _____
                                                                   Deputy/Authorized Person

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                 (First, Middle, Last)
address is_____
              (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.

                                                    _____
                                                    Declarant/Authorized Process Server

                                                    _____
                                                    (Id No. and expiration of certification)

CAUSE NO. 110416-CV
149th District Court

THE STATE OF TEXAS                                          CITATION

TO:   **Wal-Mart Stores Texas, LLC**                         Defendant
      **By serving its Registered Agent**
      **CT Corporation System**
      **1999 Bryan Street, #900**
      **Dallas, Texas 75201**

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **12th day of November, 2020.** It bears Cause No. **110416-CV** and Styled:

**Kenneth Cain**
vs.
**Wal-Mart Stores Texas, LLC**

The name and address of the Attorney filing this action (or Party, if Pro Se) is **Jeffrey N. Todd, The Todd Law Group, PLLC, 12929 Gulf Freeway, Suite 301, Houston, TX 77034.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **12th day of November, 2020.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**


By _____*Jody Stutts*_____ Digitally signed by Jody Stutts
                          Date: 2020.11.12 11:12:03 -06'00'   , Deputy
          Jody Stutts

RETURN OF SERVICE

CAUSE NO. 110416-CV      149th District Court

KENNETH CAIN
VS.
WAL-MART STORES TEXAS, LLC

Wal-Mart Stores Texas, LLC
By serving its Registered Agent
CT Corporation System
1999 Bryan Street, #900
Dallas, Texas 75201

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

NAME            DATE      TIME     PLACE, COURSE, AND DISTANCE FROM COURTHOUSE      MILEAGE
_____
_____
_____
_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy                    $_____     _____, Officer
Mileage: _____ miles @ $_____ per mile     $_____     _____ County, Texas
Total                                        $_____     _____
                                                             Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                 (First, Middle, Last)
address is_____
               (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.

                                             _____
                                             Declarant/Authorized Process Server

                                             _____
                                             (Id No. and expiration of certification)

Filed for Record
10/12/2020 9:17 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
110416-CV
Jody Stutts, Deputy

CAUSE NO. 110416-CV _____

| | | |
|---|---|---|
| KENNETH CAIN<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | BRAZORIA COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC.,<br>Defendant. | §<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KENNETH CAIN ("CAIN"), Plaintiff, and complains of WAL-MART STORES TEXAS, LLC. ("Walmart"), Defendant, and for cause would respectfully show unto this Court as follows:

**I.
Discovery Control Plan**

1.  Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**II.
The Parties**

2.  Plaintiff, KENNETH CAIN, is a natural person residing in Potter County, Texas.

3.  Defendant, WAL-MART STORES TEXAS, LLC. ("Walmart"), is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 702 SW 8th Street #0555- Tax Dept., Bentonville, State of Arkansas, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process through CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

### III.
### Request Pursuant to Rule 28 for Substitution of True Name

4.   To the extent that WAL-MART STORES TEXAS, LLC. is conducting business pursuant to a trade name or assumed name, then suit is brought against WAL-MART STORES TEXAS, LLC. pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and MARKIS MORRIS hereby demands upon answer to this suit, that WAL-MART STORES TEXAS, LLC. answer in its correct legal and assumed names.

### IV.
### Jurisdiction and Venue

5.   This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6.   The amount in controversy is within the jurisdictional limits of this Court.

7.   Venue of this action is proper in Brazoria County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

### V.
### Nature of the Case

8.   On April 26, 2020, Plaintiff was shopping at Walmart Supercenter store #3510 located at 1710 Broadway St., Pearland, Texas 77581. As Plaintiff was walking through the store, Plaintiff slipped/tripped and fell due to a dangerous condition on the floor, landed forcefully on the ground and sustained severe and extensive injuries to his body (the "Fall").

## VI.
## Causes of Action

A. ***Walmart's Premises Liability***

9. CAIN incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10. There can be no question that CAIN is an innocent victim in this case. At the time of the Fall, CAIN was an invitee of Walmart because he was a customer at Walmart store #3510. Because store #3510 was open to the public, Walmart extended an invitation to CAIN to shop at Walmart for the mutual benefit of both parties. Consequently, Walmart, by and through its employee/agents owed CAIN the duty to inspect the premises and maintain them in a reasonably safe manner.

11. Walmart was the owner and/or operator of store #3510 at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of CAIN's damages.

12. The dangerous condition left on the premises of Walmart store #3510 posed an unreasonable risk of harm because individuals walking through the store may slip/trip and fall through no fault of their own and severely injure themselves.

13. Walmart, by and through its employee/agents knew or should have known of the dangerous condition of the premises of Walmart store #3510 for numerous reasons including, but not limited to:

    a.    Customers notified Walmart of the dangerous condition at store #3510 or other Walmart stores of similar design and construction around the country;

b. Walmart agents, servants, or employees actually witnessed accidents caused by the dangerous condition at store #3510 or other Walmart stores of similar design and construction around the country;

c. Walmart agents, servants, or employees actually caused the dangerous condition at store #822 or other Walmart stores of similar design and construction around the country;

d. Walmart agents, servants, or employees were involved in the design and construction of the dangerous condition at store #3510 or other Walmart stores of similar design and construction around the country;

e. Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #3510 or other Walmart stores of similar design and construction around the country;

f. Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #3510 or other Walmart stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g. The dangerous condition existed long enough at store #3510 or other Walmart stores of similar design and construction around the country that Walmart did or should have discovered it upon reasonable inspection.

14. Walmart breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn CAIN of the dangerous condition at store #3510. Each of these acts or omissions, taken alone or collectively, amount to premises liability by Walmart and CAIN sustained damages as a proximate result of Walmart's conduct. Accordingly, Walmart is liable to CAIN as a result of its premises liability.

### B.  *Walmart's Negligence*

15. CAIN incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16. At the time of the Fall, CAIN was an invitee at Walmart and, as such, Walmart had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17. Walmart, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn CAIN of the dangerous condition at store #3510. Each of these acts or omissions, taken alone or collectively, amount to negligence by Walmart and CAIN sustained damages as a proximate result of Walmart's conduct. Accordingly, Walmart is liable to CAIN as a result of its negligence.

### C.  *Walmart's Malicious & Grossly Negligent Conduct*

18. CAIN incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19. Walmart acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7). Specifically, Walmart, by and through its employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of Store #3510 to determine if the premises were safe and acted with total disregard for the circumstances existing at the time. In the alternative, Walmart, by and through its employee/agents failed to make the dangerous condition on its premises reasonably safe

and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20. When viewed from the perspective of Walmart at the time of the acts or omissions, the acts or omissions of Walmart involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Moreover, Walmart had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, Walmart is liable to MORRIS for exemplary damages.

## VII.
### Damages

**A.    General Damages of KENNETH CAIN**

21. At the time of the accident made the basis of this suit, Plaintiff, KENNETH CAIN, was 48 years of age.

22. As a direct and proximate result of Defendant's negligence, Plaintiff, KENNETH CAIN, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

23. From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, KENNETH CAIN, for each element are as follows:

        a.  The physical pain that KENNETH CAIN has suffered from the date of the accident in question up to the time of trial.

        b.  The mental anguish that KENNETH CAIN has suffered from the date of the accident in question up to the time of trial.

    c.    The damages resulting from the physical impairment suffered by KENNETH CAIN and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

    d.    The loss of any earnings sustained by KENNETH CAIN from the date of the incident in question up to the time of trial.

    e.    The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

24.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, KENNETH CAIN, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

    a.    The physical pain that KENNETH CAIN will suffer in the future beyond the time of trial.

    b.    The mental anguish that KENNETH CAIN will suffer in the future beyond the time of trial.

    c.    The damages resulting from the physical impairment that KENNETH CAIN will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

    d.    The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

    e.    The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

25. Because of all of the above and foregoing, Plaintiff, KENNETH CAIN, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

**B.    *Medical Damages of KENNETH CAIN***

26. Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, KENNETH CAIN, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date. Plaintiff, KENNETH CAIN, here now sues for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

**C.    *Gross Negligence/Malice***

27. The actions of the Defendant was so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law. Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

**D.    *Prejudgment Interest***

28. In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

29. All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

30. CAIN respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47(c)

31. Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

## XI.
## Request for Disclosure

32. Under Texas Rule of Civil Procedure 194, Plaintiff KENNETH CAIN requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (l).

## XII.
## RULE 193.7 NOTICE

33. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## Prayer

WHEREFORE PREMISES CONSIDERED, KENNETH CAIN asks that Defendants be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, KENNETH CAIN as follows:

(a) All actual, consequential, and special damages;

(b) Pre-judgment interest as provided by law;

(c) Punitive damages as provided by law;

(d) Post-judgment interest;

(e) Costs of Court; and,

(f) Such other and further relief, both general and special, legal and equitable, to which KENNETH CAIN may show himself justly entitled.

Respectfully submitted,

THE TODD LAW GROUP, PLLC


By: /s/ *Jeffrey N. Todd*
Jeffrey N. Todd
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone: (832) 243-4953
Telecopier: (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**